IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-85-D
No. 7:14-CV-38-D

| | |
|---|---|
| JOHN THOMAS VAUGHN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 24, 2014, John Thomas Vaughn, Jr. ("Vaughn") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 252-month sentence [D.E. 65]. On July 7, 2014, the government moved to dismiss all but one of the claims in Vaughn's section 2255 motion [D.E. 72]. On July 28, 2014, Vaughn responded in opposition [D.E. 75]. As explained below, the court grants the government's motion to dismiss and sets an evidentiary hearing for January 30, 2015, at 10:00 a.m. concerning Vaughn's claim that his attorney failed to file a notice of appeal as Vaughn allegedly directed.

I.

On May 24, 2012, Vaughn pleaded guilty, pursuant to a written plea agreement [D.E. 60], to one count of conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack), and 500 grams of more of cocaine, in violation of 21 U.S.C. § 846. See [D.E. 38, 77]. On February 21, 2013, at Vaughn's sentencing hearing, this court calculated Vaughn's advisory guideline range to be 292 to 365 months' imprisonment. See Sentencing Tr. [D.E. 76] 5. The court then granted the government's motion for a downward departure pursuant

to U.S.S.G. § 5K1.1. See id. 5–7. After considering the arguments of counsel, Vaughn's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Vaughn to 252 months' imprisonment. See id. 12–21. The court entered the judgment on March 5, 2013. Vaughn did not appeal.

On February 14, 2014, Vaughn timely filed a section 2255 motion [D.E. 65]. Vaughn alleges: (1) his guilty plea was not knowing, voluntary, and intelligent because he thought he would receive a 120-month sentence; (2) counsel was ineffective for failing to object to his criminal history points and for failing to file a notice of appeal as Vaughn directed; (3) the government obtained the conviction via an illegal search and seizure from a GPS device; (4) his sentence violates Alleyne v. United States, 133 S. Ct. 2151 (2013), United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), because the court found drug amounts at sentencing that Vaughn did not admit to and that a jury did not find. See [D.E. 65] 4–5. In his response to the government's motion to dismiss, Vaughn also contends that he was not a career offender, that his attorney was ineffective for failing to object to the weapon enhancement under U.S.S.G. § 2D1.1(b)(1), and that he should have received the benefit of the Fair Sentencing Act ("FSA"). See [D.E. 75] 2–4.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556

2

U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

3

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

In his plea agreement, Vaughn agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] ... motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Vaughn] at the time of [his] guilty plea." [D.E. 60] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

4

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his Rule 11 hearing, Vaughn affirmed that he had read and discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up through the waiver. See Rule 11 Tr. [D.E. 77] 23–26. Thus, Vaughn's waiver was valid. Moreover, Vaughn reserved only the right to appeal or file a section 2255 motion challenging his conviction or sentence "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Vaughn] at the time of [his] guilty plea." [D.E. 60] ¶ 2.c. Thus, Vaughn's claims that his guilty plea was not knowing, voluntary, and intelligent because Vaughn believed he would receive a 120-month sentence, that the government obtained the conviction via an illegal search and seizure from a GPS device, that Vaughn's sentence violates Alleyne, Booker, and Blakely, that Vaughn is not a career offender, and that Vaughn should have received the benefit of the FSA all fall within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces the waiver and dismisses these claims.

Alternatively, Vaughn's claims fail on the merits. First, the Rule 11 transcript belies Vaughn's claim that his guilty plea was not knowing, voluntary, and intelligent because Vaughn thought that he would receive a 120-month sentence. At Vaughn's Rule 11 hearing, Vaughn stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was not on any medication, and that no one had threatened him or anyone else or made any

5

promises to him or anyone else. See Rule 11 Tr. 15–26. Vaughn also stated that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge, including a possible 480-month sentence. See id. 15–21. Vaughn also stated that he understood the direct and collateral consequences of pleading guilty. See id. 18–24. Vaughn also stated that he understood every provision in his plea agreement and that his plea agreement constituted the entire agreement that he had with the government. See id. 24. Vaughn also acknowledged that he understood the sentencing process, that he understood that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, and that he understood that the court could sentence him up to the statutory maximum of 480-months' imprisonment. See id. 20–26. Vaughn then pleaded guilty to the charge and admitted committing the offense. See id. 26–28. The government then provided a factual basis for the guilty plea, which included multiple witness statements and Vaughn's own admissions. See id. 28–30.

Vaughn's sworn statements at his Rule 11 hearing and the text of his plea agreement belie his claim that his guilty plea was not knowing, voluntary, and intelligent. The court may rely on Vaughn's sworn admissions during his Rule 11 hearing. See Blackledge, 431 U.S. at 73–74; United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, the court rejects Vaughn's claim that his guilty plea was not knowing, voluntary, and intelligent.

As for Vaughn's claim that the government obtained his conviction via an illegal search and seizure from a GPS device, the allegation is not plausible in light of the record. See, e.g., Iqbal, 556 U.S. at 677–78; Twombly, 550 U.S. at 556–57, 570; Coleman, 626 F.3d at 190; cf. Rule 11 Tr. 28–30; Presentence Investigation Report ("PSR") [D.E. 58] ¶¶ 4–12. Moreover, even if law enforcement used a GPS device in 2010 while investigating Vaughn, Vaughn's legal argument would fail. See, e.g., United States v. Stephens, 764 F.3d 327, 335–39 (4th Cir. 2014).

6

As for Vaughn's claim that his sentence violates Alleyne because the court made certain findings of fact concerning drug weight at sentencing, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (noting that Alleyne is not retroactively applicable to cases on collateral review); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014) (same); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014) (same); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (same); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam) (same); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (same); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same); accord United States v. Morris, 429 F.3d 65, 71–72 (4th Cir. 2005) (holding that Booker is not retroactively applicable to cases on collateral review).

Alternatively, even if Alleyne applied retroactively, Vaughn would get no relief. In Alleyne, the Supreme Court held that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155, 2160–61. The one charge to which Vaughn pleaded guilty complied with Alleyne. See Indictment [D.E. 1](count one). Moreover, Vaughn knowingly and voluntarily waived his right to a jury determination of the facts concerning drug weight in count one by pleading guilty, and Vaughn's guilty plea satisfied the government's burden of proof. See, e.g., Booker, 543 U.S. at 244. Furthermore, Alleyne, Booker, and Blakely do not impact a court's ability to apply the advisory guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting

7

cases); United States v. Ramirez-Negron, 751 F.3d 42, 48 –49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583 –84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707 –08 (7th Cir. 2013). Accordingly, Vaughn's sentence does not violate Alleyne, Booker, or Blakely.

As for Vaughn's claims that the court should not have designated him as a career offender and that he should have received the benefit of the FSA, the claims lack merit. As Vaughn's PSR and sentencing transcript make clear, the court did not designate Vaughn as a career offender. See PSR ¶¶ 14–36; Sentencing Tr. Likewise, Vaughn was sentenced on February 21, 2013, after the FSA became effective on August 3, 2010, after the amendments promulgated under the FSA became effective on November 1, 2010, and after the Supreme Court decided Dorsey v. United States, 132 S. Ct. 2321 (2012), on June 21, 2012. Simply put, Vaughn got the FSA's benefit.

As for Vaughn's claim that his attorney provided ineffective assistance of counsel by failing to object to Vaughn's criminal history points and the weapon enhancement at sentencing, the claim fails. Vaughn has failed to plausibly allege either deficient performance or prejudice. As for performance, Vaughn has not plausibly alleged that his criminal history score was incorrect or that the weapon enhancement should not have applied. Cf. PSR ¶¶ 4–11, 14–36, 56; Sent. Tr. 7–12. Vaughn's attorney's decision to not object is a tactical one entitled to deference. See Strickland, 466 U.S. at 689; see also Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C. 2014), appeal dismissed, 583 F. App'x 288 (4th Cir. 2014) (per curiam) (unpublished). Here, Vaughn's attorney obviously decided not to make baseless objections in order to ensure that the government filed a motion under U.S.S.G. § 5K1.1 on Vaughn's behalf. Moreover, Vaughn's

attorney's efforts were successful. The government did file a section 5K1.1 motion, the court granted the motion, and Vaughn received a sentence 40 months below the bottom end of the advisory guideline range. Alternatively, Vaughn has not plausibly alleged prejudice. Accordingly, the court dismisses Vaughn's claims of ineffective assistance of counsel premised on a failure to object.

After reviewing the claims presented in Vaughn's motion, the court determines that reasonable jurists would not find the court's treatment of any of Vaughn's claims decided in this order debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 72], DISMISSES all of the claims in Vaughn's section 2255 motion [D.E. 65], except for his claim that his attorney failed to file a notice of appeal as Vaughn directed, and DENIES Vaughn's motion for an extension of time to file [D.E. 68] as moot. The court also DENIES a certificate of appealability. The court will hold an evidentiary hearing on the sole remaining claim on January 30, 2015, at 10:00 a.m., in the fifth floor courtroom of the Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina.

SO ORDERED. This 13 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge