IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-85-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN THOMAS VAUGHN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On May 24, 2012, pursuant to a written plea agreement, John Thomas Vaughn, Jr. ("Vaughn") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack) and 500 grams or more of cocaine. See [D.E. 38, 60, 77]. On February 21, 2013, the court held Vaughn's sentencing hearing. See [D.E. 61, 76]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Vaughn's total offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Vaughn to 252 months' imprisonment. See id.; [D.E. 61, 62, 76]. Vaughn did not appeal.

On March 3, 2016, Vaughn moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 93]. Vaughn's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 33 and a criminal history category of VI. See Resentencing Report. Vaughn requests a 203-month sentence. See id.; [D.E. 93].

The court has discretion under Amendment 782 to reduce Vaughn's sentence. See, e.g., Chavez-Meza v. United States, 139 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Vaughn's sentence, the court finds that Vaughn engaged in serious criminal behavior involving a large quantity of illegal narcotics, and firearms, and numerous home invasions. See PSR ¶¶ 4–11; Sentencing Tr. [D.E. 76] 11–21. Moreover, Vaughn is a violent recidivist and has convictions for possession of cocaine, possession of stolen goods, resisting a public officer, simple assault, possession with intent to sell and deliver cocaine (two counts), unlawful carrying of a weapon, receiving stolen goods-valued between $1,000 and $5,000, assault inflicting serious injury, possession with intent to manufacture, sell, and deliver cocaine, and possession of a controlled substances in jail premises. See PSR ¶¶ 14–32. Vaughn also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 15, 23, 28, 30, 35, 45–52. Vaughn has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possessing drugs/alcohol. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Vaughn received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Vaughn's sentence would threaten public safety in light of his serious

2

criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Vaughn's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 139 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Vaughn's motion for reduction of sentence [D.E. 93].

SO ORDERED. This 30 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge